IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA,

v.                                                          CRIMINAL NO. 2:13cr91

IVAN ALEXANDER COPELAND,

Defendant.

## OPINION AND ORDER

This matter comes before the Court on Ivan Alexander Copeland's ("Defendant") "Pro Se

Motion for Sentence Reduction Under the Compassionate Release Statute, 18 U.S.C. §

3582(c)(1)(A)(i), as Amended by the First Step Act" ("Motion for Sentence Reduction" or

"Motion"). ECF No. 98. In such Motion, Defendant requests that the Court grant a sentence

reduction due to his claim that his career offender enhancement present at the time of sentencing

should no longer apply. Id. at 2. The Court holds that Defendant's Motion is a motion challenging

the validity of his sentence, which should be properly brought under 28 U.S.C. § 2255 rather than

§ 3582(c)(1)(A). Therefore, for the reasons stated herein, the Court hereby **DENIES** Defendant's

Motion for Sentence Reduction. ECF No. 98.

### I.      PROCEDURAL BACKGROUND

On August 21, 2013, Defendant pled guilty to Count Three of the Criminal Indictment,

charging him with Possession with Intent to Distribute 127.1 Grams of Cocaine Base, in violation

of 21 U.S.C. § 841(a)(l). See ECF No. 21. On December 2, 2013, Defendant appeared before the

Court for sentencing. See ECF No. 33. The Court adopted Defendant's presentence investigation

report ("PSR"), without changes, which classified Defendant as a "career offender" under Section 4B1.1 of the Sentencing Guidelines ("USSG") and calculated his advisory sentencing range to be 262-327 months in prison. See PSR, ECF No. 29; see also Sealed Statement of Reasons, ECF No. 35. At the hearing, the Court granted Defendant's motion for a downward departure from the Guidelines' advisory range and ultimately sentenced Defendant to 239 months in prison and 8 years of supervised release. See ECF Nos. 33, 34.

On October 20, 2014, Defendant filed his first § 2255 motion to vacate his sentence, arguing his trial counsel was ineffective for failing to challenge Defendant's career offender status at sentencing. ECF No. 39 at 4. The Court denied Defendant's motion on January 6, 2015, holding Defendant was properly sentenced under the career offender provision. ECF No. 40 at 8. Defendant appealed, and the Court of Appeals for the Fourth Circuit affirmed the ruling on August 24, 2015. ECF No. 54. On June 30, 2016, Defendant filed a second § 2255 motion pro se. ECF No. 65. In said motion, Defendant asked the Court to vacate his sentence and grant him resentencing on the grounds that his career-offender classification was unconstitutional considering the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015). Id. at 5. The Court of Appeals granted Defendant's request for authorization to file a second or successive petition under 18 U.S.C. § 2255(h), and the Court denied Defendant's request on March 7, 2017. ECF No. 72.

On December 3, 2019, Defendant filed a Motion under Section 404 of the First Step Act, which was denied on March 20, 2020. ECF Nos. 75, 77. On April 29, 2021, Defendant filed the instant Motion for Sentence Reduction. ECF No. 98. The Court ordered a briefing schedule on May 14, 2021. ECF No. 101. The Government filed its Response in Opposition ("Response") on June 1, 2021. ECF No. 103. After granting Defendant an extension for his reply, Defendant

mailed the Court a letter, which the Court interprets as Defendant's Reply to the Government's Response. ECF Nos. 109, 110.

The matter is now ripe for consideration.

## II. APPLICABLE LAW

"Generally, a court may not modify a term of imprisonment once it has been imposed except" in narrow circumstances. United States v. Wirsing, 943 F.3d 175, 179, 183 (4th Cir. 2019) (citing 18 U.S.C. § 3582(c)). Congress may enact statutory exceptions to this general rule, and Defendant brings his Motion for Sentence Reduction under an exception provided by the compassionate release provision of the First Step Act ("FSA").

In 2018, Congress passed the FSA. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Relevant here, the FSA amended the procedures by which defendants can seek reductions in their sentences through compassionate release. Previously, a defendant could only petition the Bureau of Prisons ("BOP") Director for compassionate release,[1] who could then move the district court for compassionate release. See U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.4 (U.S. Sentencing Comm'n 2018) ("U.S.S.G."). Now, the FSA allows defendants, for the first time, to petition district courts directly for compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i).

To request compassionate release, a defendant must comply with the requirements set forth in 18 U.S.C. § 3582(c). First, as a threshold matter, the statute requires the defendant adhere to certain procedural requirements. § 3582(c)(1)(A). Specifically, a defendant must either have exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or the warden must have failed to act on the defendant's request for thirty (30) days after receipt,

---

[1] The BOP uses the terms "compassionate release" and "reduction in sentence" interchangeably, see https://www.bop.gov/policy/progstat/5050_050_EN.pdf at 1, and the Court will do the same.

whichever is earlier. Second, a district court is "empowered . . . to consider <u>any</u> extraordinary and compelling reason for release that a defendant might raise"—including the now merely instructive guidance of U.S.S.G. § 1B1.13. <u>United States v. McCoy</u>, 981 F.3d 271, 284 (4th Cir. 2020) (quoting <u>United States v. Zullo</u>, 976 F.3d 228, 230 (2020)). In fact, the district court may also consider "the factors set forth in section 3553(a) to the extent that they are applicable," U.S.S.G. § 1B1.13, "and whether '[t]he defendant is . . . a danger to the safety of any other person or to the community,' . . . because these considerations remain highly relevant to whether a reduction in sentence is warranted in this case." <u>United States v. Spencer</u>, No. 2:11-cr-30, 2021 WL 713287, at *2 (E.D. Va. Feb. 24, 2021) (citing U.S.S.G. § 1B1.13(2) and <u>United States v. Dean</u>, No. 15-CR-0339(1), 2020 WL 7055349, at *1–2 (D. Minn. Dec. 2, 2020)).

## III.    DEFENDANT'S MOTION FOR SENTENCE REDUCTION

Defendant's Motion requests that the Court reduce his sentence because the three prior crimes that qualified him as a career offender should no longer be applicable. ECF No. 98 at 23. More specifically, Defendant argues that his first predicate, Criminal Possession of a Controlled Substance, 4th Degree Felony, is not a "controlled substance offense." <u>Id.</u> at 26. Additionally, Defendant argues his second and third predicates, Attempted Criminal Sale Controlled Substance, 3rd Degree Felonies, are not "controlled substance offenses" because inchoate crimes do not qualify as such. <u>Id.</u> at 26–27. Defendant argues these points constitute "extraordinary and compelling reasons" under § 3582(c)(1)(A). <u>Id.</u> at 20. If the Court were to find theses "extraordinary and compelling reasons," Defendant argues the § 3553(a) factors would warrant a sentence reduction. <u>Id.</u> at 29–32.

The Government opposes on multiple grounds. First, the Government argues that Defendant's Motion is truly a "second or successive" motion under § 2255, which should not be

allowed absent authorization from the Fourth Circuit. ECF No. 103 at 11–14. Second, the Government argues that Defendant was, and still is, a career offender under the Sentencing Guidelines. Id. at 7–11. Finally, the Government argues that even if Defendant was not a career offender and the Court found this fact to be an "extraordinary and compelling reason" under § 3582(c)(1)(A), the § 3553(a) factors would not warrant a sentence reduction here. Id. at 17–20.

The Court agrees with the Government that § 2255 would be the appropriate vehicle for Defendant to request the sought-after relief. The Supreme Court has held that § 2255 is the appropriate vehicle by which a federal prisoner may challenge both his conviction and sentence. Davis v. United States, 417 U.S. 333, 343–44 (1974). A motion under § 2255 is required whenever a prisoner collaterally challenges the validity of a sentence. See United States v. Handerhan, 789 F. App'x 924, 926 (3d Cir. 2019) (emphasis added). That is because any compassionate release motion under § 3582(c)(1)(A) properly seeks a reduction in an otherwise valid sentence. As a panel of the Third Circuit has observed, "[t]he terms of neither [§ 3582(c)(1)(A)] nor its policy statement provide for release on the basis of arguments . . . that were or could have been raised on direct appeal or in a § 2255 motion." Handerhan, 789 F. App'x at 926. A claim that a sentence should be reduced because a predicate offense to a career offender enhancement is no longer applicable is more properly a motion to "vacate, set aside or correct the sentence" because it properly challenges the validity of a sentence. See § 2255(a). In fact, Defendant has utilized § 2255 to argue similar points in the past. See ECF Nos. 40, 72.

Defendant cites three cases from this District that purportedly support his claim that courts finding issues with career offender predicates have found them to be "extraordinary and compelling reason[s]" for a sentence reduction. See ECF No. 98 at 20 (citing United States v. Redd, 444 F. Supp. 3d 717, 722–23 (E.D. Va. 2020); United States v. Scott, No. 95-202-CCB-2,

2020 WL 2467425, at *3 (D. Md. May 13, 2020); <u>Bellamy v. United States</u>, No. 2:03-cr-197, 2020 WL 4208446, at *2–3 (E.D. Va. 2020)). However, all of these cases dealt with "stacking" provisions under 18 U.S.C. § 924(c), the same statute at issue in <u>McCoy</u>.

The Fourth Circuit in <u>McCoy</u> found that certain § 924(c) sentences can be "extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A) based on two general observations. "First is the sheer and unusual length of the sentences. As the district court noted in [United States v.] <u>Bryant</u>, the defendants' sentences in that case were about twice as long as federal sentences imposed today for murder." <u>McCoy</u>, 981 F.3d at 285. Second, the Fourth Circuit found relevant the disparity of sentencing between defendants convicted under § 924(c) before and after the FSA was passed. <u>Id.</u> The Fourth Circuit noted "[t]hat disparity is primarily the result of Congress' conclusion that sentences like these are unfair and unnecessary." <u>Id.</u> (internal quotations omitted). Therefore, under this second rationale, it is Congress's pronouncement of a more lenient and appropriate sentence for § 924(c) convictions, combined with the shocking length of some § 924(c) stacking convictions prior to the FSA, that combine to create an "extraordinary and compelling reason" for potential sentence reductions under § 3582(c)(1)(A).

As stated, the compassionate release statute properly deals with reduction of an otherwise valid sentence. The "stacked" sentences in <u>McCoy</u> were still valid because the FSA did not make the abolition of "stacked" sentences retroactive. <u>See</u> <u>McCoy</u>, 981 F.3d at 275. However, the pronouncement of a more lenient sentence for § 924(c) convictions by the FSA provided a stark dichotomy to the otherwise valid but "unusual length" of "stacked" sentences. <u>Id.</u> at 285. Any arguments that certain crimes should not or do not qualify for career offender enhancements under the Sentencing Guidelines effectively challenge the validity of such enhancements themselves. The nature of such claims properly brings them under the provisions of § 2255.

The nature of career offender enhancements and § 924(c) sentences also provides another distinction as to why career offender enhancements usually will not be cognizable under § 3582(c)(1)(A). Convictions under § 924(c) carry with them mandatory, consecutive sentences put in place specifically by an enactment of Congress. Career offender enhancements do not carry such hefty, mandatory weights as they are used to establish an increased Guidelines range at sentencing. See U.S.S.G. § 4B1.1(b). To be sure, career offender enhancements can significantly raise a defendant's Guidelines range compared to the lack of such enhancements, but the Guidelines are no longer mandatory and district court judges are well within their discretion to downwardly depart from such enhanced Guidelines ranges if individual circumstances warrant. See United States v. Booker, 543 U.S. 220, 245 (2005). Therefore, career offender enhancements do not carry the "extraordinary" characteristic of potentially drastic, mandatory sentencing enhancement that "stacked" convictions under § 924(c) did before the FSA.

Allowing claims historically reserved for § 2255 to fall under the umbrella of § 3582(c)(1)(A) would read into the compassionate release provisions an implicit repeal of § 2255 where no such Congressional intent can be gleamed. By its own terms, barring a set of unusual circumstances, § 2255 is the exclusive source for federal prisoners challenging the validity of a conviction or sentence. See § 2255(e); see also Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is also clear that a § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so."); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention."). As emphasized above, the FSA only removed the BOP from its gatekeeping provision regarding compassionate release, allowing defendants, for the first time, to

7

petition district courts directly for compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i). Reading this procedural change to § 3582 as allowing defendants to back door challenge the validity of a conviction or sentence strains traditional principles of statutory interpretation. See United States v. Frank, __ F.4th __, 2021 WL 3504049, at *7 (4th Cir. 2021) ("[R]epeals by implication are disfavored, and courts may infer such a repeal only where there is an irreconcilable conflict between statutes and also a clear and manifest congressional intent to repeal.") (internal quotations omitted). Expanding the compassionate release provisions in such a way would violate § 2255's intent and would also render as moot the restrictions on "second or successive" § 2255 motions put in place by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See § 2255(h)(1); Pub. L. No. 104-132, § 105, 110 Stat. 1220.

This is not to say that issues surrounding career offender enhancement can categorically never rise to "extraordinary and compelling reasons" warranting sentence reduction. Defendant cites an out-of-circuit case purporting to allow a sentence reduction under the compassionate release statutes where a career offender predicate was erroneous. ECF No. 98 at 26 (citing United States v. Lopez, __ F. Supp. 3d __, 2021 WL 761850, *1, *4 (S.D.N.Y. 2021). However, Lopez dealt with a situation where the career offender error was an error present at the time of the original sentencing that counsel should have seen. Lopez, 2021 WL 761850, at *4 (emphasis added). The defendant in Lopez initially filed a § 2255 motion to have the error corrected but filed after the statute of limitations expired. Id. The Lopez court did not specifically state whether the defendant learned of the procedural error before or after the statute of limitations for the defendant's § 2255 expired. Such circumstances may have potentially tolled the one-year statute of limitations in § 2255(f). The defendant in Lopez likely had a cognizable claim for ineffective assistance of counsel

8

under § 2255 but missed the filing deadline. In situations where the deadline cannot be equitably tolled, such errors may possibly be rectified under § 3582(c)(1)(A).

However, Defendant does not present these rare situations where career offender enhancements might be cognizable under § 3582(c)(1)(A). Defendant has previously argued in two § 2255 motions that his career offender predicates are invalid. See ECF Nos. 40, 72. As such, the current arguments were raised in previous § 2255 motions and, because they properly fall under § 2255, should be subject to the AEDPA's limitations on second or successive § 2255 motions. As Defendant has not sought authorization with the Fourth Circuit to file a "second or successive" § 2255 motion, the Court is without jurisdiction to hear Defendant's claim and the Motion must be denied.[2]

## IV.  CONCLUSION

The Court holds that Defendant's claims state potential grounds for relief under § 2255 and not § 3582(c)(1)(A). In accordance with the Court's holding, Defendant's Motion for Sentence Reduction is hereby **DENIED**. ECF No. 98.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record and to the Defendant.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 30, 2021

---

[2] While the Court does not reach the merits of Defendant's claims, the Court takes the opportunity to acknowledge the letters received from members of Defendant's family in connection with Defendant's Motion. ECF Nos. 111, 112, and 113.