**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

IVAN ALEXANDER COPELAND,

    Defendant.

Case No. 2:13-cr-91

**MEMORANDUM OPINION & ORDER**

Before the Court is Defendant Ivan Alexander Copeland's Motion for Compassionate Release. ECF No. 124. For the reasons stated herein, the motion will be **DENIED.**

**I.   BACKGROUND**

On August 21, 2013, the defendant pleaded guilty to Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). ECF Nos. 19 (hearing minutes), 21 (plea agreement). The Honorable Robert G. Doumar, to whom this case was originally assigned, sentenced the defendant to 239 months of imprisonment. ECF No. 34 at 2. The defendant filed the instant motion for compassionate release on April 15, 2024. ECF No. 124. The government responded in opposition to the motion on May 15, 2024. ECF No. 128. The Court directed counsel

to file a reply to the government's opposition, which he submitted on October 18, 2024.

ECF Nos. 130, 131.[1]

## II.    LEGAL STANDARDS

### A.    Exhaustion

Before a court may consider a motion for sentence reduction under 18 U.S.C.

§ 3582(c)(1)(A)(i), the defendant must exhaust their administrative rights to appeal

the Bureau of Prisons' failure to bring a motion on the defendant's behalf. 18 U.S.C.

§ 3582(c)(1)(A). Alternatively, once 30 days have passed after the defendant requested

relief from the warden of their facility, the defendant may file a motion with the court

as though they had exhausted their administrative remedies. *Id.*; *see United States

v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) (clarifying that defendants may

satisfy the exhaustion requirement by waiting 30 days from the date of their initial

request to file a motion in the district court even if the warden has already responded

to their request).

---

[1] On June 24, 2024, the defendant filed a "Motion to Withdraw Counsel of Record,"
alleging a "total breakdown in communication" between himself and his attorney.
ECF No. 129 at 3; *see United States v. Terry*, 234 F. App'x 82, 84 (4th Cir. 2007)
(unpublished) (district court did not abuse its discretion by denying motion for new
counsel where "there was not a total breakdown in communication"). The defendant
specifically expressed concern that counsel had not sent him copies of the original
brief or the government's response and failed to file a reply to the government's
opposition. ECF No. 129 at 2. However, the defendant's attorney filed a reply on the
defendant's behalf on October 18, 2024. ECF No. 131. Therefore, the Court finds that
whatever breakdown in communication might have occurred, it was not enough to
prevent counsel from "conduct[ing] an adequate defense." *United States v. Johnson*,
114 F.3d 435, 443 (4th Cir. 1997). Accordingly, the "Motion to Withdraw Counsel of
Record" (ECF No. 129) will be **DENIED.**

### B. Merits

A court may modify a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i) if, after considering the sentencing factors in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022). The overarching purpose of the compassionate release mechanism guides district courts' consideration:

> When Congress authorized district courts, as a matter of discretion, to release an inmate from prison based on extraordinary and compelling reasons, it did so to introduce compassion as a factor in assessing ongoing terms of imprisonment, authorizing a district court to give greater weight to an inmate's personal circumstances — when sufficiently extraordinary and compelling — than to society's interests in the defendant's continued incarceration and the finality of judgments. Thus, motions for relief under § 3582(c)(1)(A)(i) ask courts to balance the severity of the inmate's personal circumstances, on the one hand, against the needs for incarceration, on the other.

*Id.* at 197. Courts in this district have generally considered the defendant's arguments regarding extraordinary and compelling reasons for sentence reduction first, then balanced the outcome of that analysis against the sentencing factors in section 3553. *E.g.*, *United States v. Ogun*, No. 4:12-cr-4, 2023 WL 2207114, at *7 (E.D. Va. Feb. 24, 2023); *United States v. Nurani*, No. 2:11-cr-34-3, 2023 WL 2058649, at *3 (E.D. Va. Feb. 16, 2023).

### i. *Extraordinary and Compelling Reasons*

The Court may reduce a prisoner's sentence under § 3582(c)(1)(A)(i) if it finds "extraordinary and compelling reasons" to do so. *Hargrove*, 30 F.4th at 194–5 (citing

*United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021)). The prisoner bears the burden of demonstrating such reasons. *See Hargrove*, 30 F.4th at 195.

The Sentencing Commission has promulgated a policy statement, U.S.S.G. § 1B1.13, which attempts to define what may constitute "extraordinary and compelling reasons." *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020). The policy statement provides a non-exhaustive list of extraordinary and compelling reasons for reducing a sentence:

> (1)   the medical circumstances of the defendant, U.S.S.G. § 1B1.13(b)(1);
>
> (2)   the age of the defendant, U.S.S.G. § 1B1.13(b)(2);
>
> (3)   family circumstances of the defendant, U.S.S.G. § 1B1.13(b)(3);
>
> (4)   whether the defendant was a victim of abuse while incarcerated, U.S.S.G. § 1B1.13(b)(4);
>
> (5)   "other reasons," U.S.S.G. § 1B1.13(b)(5); or
>
> (6)   an unusually long sentence, if the defendant meets certain conditions, U.S.S.G. § 1B1.13(b)(6).

The policy statement further provides that extraordinary and compelling reasons exist in several circumstances related to the defendant's physical health, including where:

> . . . (i) The defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to

4

> the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G § 1B1.13(b)(1)(D)(i–iii).

The policy statement also clarifies to what extent rehabilitation of the defendant can be considered in the extraordinary-and-compelling-reason analysis. U.S.S.G. § 1B1.13(d). It states that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for the purposes of this policy statement"; however, rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.*

### ii.    18 U.S.C. § 3553(a) Factors

After completing the "extraordinary and compelling reasons" analysis, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Mumford*, 544 F. Supp. 3d 615, 617–20 (E.D. Va. 2021). Even if a court finds extraordinary and compelling reasons to reduce a prisoner's sentence, it may ultimately deny a motion for compassionate release if its analysis of the 18 U.S.C. § 3553(a) factors counsels against release. *Id.* Those factors are:

> (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)    the need for the sentence imposed—
>
> > (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

5

(B)   to afford adequate deterrence to criminal conduct;

(C)   to protect the public from further crimes of the defendant; and

(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

(3)   the kinds of sentences available;

(4)   the kinds of sentence and the sentencing range established [by the Sentencing Commission];

(5)   any pertinent policy statement [issued by the Sentencing Commission] [that is in effect on the date the defendant is sentenced except as provided in section 3742(g)];

(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## III.   ANALYSIS

### A.   Exhaustion

The defendant submitted two requests for compassionate release that were denied and waited at least 216 days to file the instant motion after initially requesting that the warden do so. ECF No. 128-1. Therefore, the defendant has satisfied the exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A); *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021).

6

B.      **Merits**

i.      ***Extraordinary & compelling reasons***

The defendant argues that prison conditions caused by COVID-19, combined with his rehabilitation efforts, constitute "extraordinary and compelling reasons" justifying his release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 124 at 13–21, 24–27.[2] For the reasons stated below, the motion fails.

a.      *Prison conditions*

The motion asserts that conditions at the defendant's prison facility, combined with his age, make him particularly vulnerable to COVID-19. The defendant does not identify any other medical conditions that make him particularly susceptible to COVID-19.

First, the record does not show that conditions at the defendant's prison facility are "so deficient, or that the impacts upon him were so unusually severe, as to establish . . . extraordinary and compelling reasons" for a sentence reduction. *United States v. Curtin*, No. CR TDC-14-0467, 2023 WL 8258025, at *2 (D. Md. Nov. 29, 2023). There are currently zero open cases of COVID-19 at the defendant's facility, and there is no longer a federal public health emergency regarding COVID-19.[3] Thus,

---

[2] The defendant's initial motion cites (1) prison conditions due to the COVID-19 pandemic, (2) a change in law that affected application of a sentence enhancement, and (3) his rehabilitative efforts as reasons for release. ECF No. 124 at 13–27. In his reply brief, the defendant concedes that his argument regarding the sentence enhancement fails. ECF No. 131 at 3–4. Thus, the Court will address only the first and third arguments in this Opinion and Order.

[3] Ctrs. for Disease Control and Prevention, *End of the Federal COVID-19 Public Health Emergency (PHE) Declaration*, https://perma.cc/C7PA-MJLK (last visited

there is neither "an ongoing outbreak" of COVID-19 at his facility nor "an ongoing

public health emergency" that would constitute grounds for relief under U.S.S.G

§ 1B1.13(b)(1)(D)(i).

Second, the defendant is 47, "which places him outside the age range that

carries increased risk, as recognized by the CDC." *United States v. Moore*, No.

4:15-cr-1, 2024 WL 4148646, at \*4 (E.D. Va. Sept. 11, 2024). And he identifies no

underlying health conditions that make him more susceptible to infection or serious

disease. *See generally* ECF Nos. 124, 131. Further, the defendant has received two

doses of the COVID-19 vaccine, which reduces his risk of infection and counsels

against relief. ECF No. 126 at 13 (SEALED); *see United States v. Bethea*, 54 F.4th

826, 833 (4th Cir. 2022) (district courts may consider a defendant's vaccination status

as a factor that weighs against compassionate release). Thus, the defendant's

"personal health risk factors" do not present an "increased risk of suffering severe

medical complications or death from COVID-19. U.S.S.G § 1B1.13(b)(1)(D)(ii).[4]

Therefore, the Court finds that the defendant fails to present "extraordinary

and compelling reasons" that justify a change in his sentence, 18 U.S.C.

---

Nov. 12, 2024); BOP, *Inmate COVID-19 Data*, https://perma.cc/T9C7-XPVZ (last
visited Nov. 12, 2024).

[4] The defendant also posits that, at the time he was sentenced, "the District Court
had no recourse but to impose the 239 month sentence because then the District Court
did not have the authority to impose a non-guidelines sentence or a downward
departure based on the unforeseeable COVID-19 pandemic." ECF No. 124 at 20.
Judge Doumar *did* have the authority to impose a non-guidelines sentence, and he
did just that. ECF No. 33. Thus, insofar as the defendant intended this argument as
a separate ground for compassionate release, the Court finds that it fails.

§ 3582(c)(1)(A)(i), and it concludes that a reduction would not be "consistent with" the Sentencing Commission's policy statement. *Hargrove*, 30 F.4th at 194.

### b. *Rehabilitation*

The defendant's record of rehabilitation alone does not constitute an extraordinary and compelling reason to reduce his sentence. The defendant has made considerable rehabilitative efforts while incarcerated, including receiving "excellent work evaluations" and completing "many ACE classes and programs." ECF No. 124 at 26. The defendant also points to the "close ties with his family members" that he has maintained while incarcerated as a source of rehabilitative support. *Id.* Notably, the defendant also "has a clean behavioral record" from his time in Board of Prisons. *Id.* The Court recognizes the defendant's positive steps towards rehabilitation. However, the policy statement clarifies that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason," but rather "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d). Here, the defendant has not identified other circumstances that warrant a change in his sentence. Thus, his rehabilitation alone does not demonstrate an extraordinary and compelling reason to justify his release.

### ii. *18 U.S.C. § 3553(a) factors*

Even if the Court determined that the defendant had demonstrated extraordinary and compelling reasons that might warrant compassionate release, the

factors enumerated in 18 U.S.C. § 3553(a), when viewed considering the defendant's circumstances as discussed above, counsel against relief.

The "nature and circumstances of the offense" for which the defendant was convicted are serious. He was attributed with 126.6982 grams of cocaine base. ECF No. 36 ¶ 6 (SEALED). And while the defense is correct that the defendant's conviction here was a non-violent offense, drug distribution is not a victimless crime.

As to the "history and characteristics of the defendant," the Court is particularly influenced by the defendant's criminal history. 18 U.S.C. § 3553(a)(1). The defendant's adult criminal history includes three prior state felonies—two for drugs and one for attempted murder. ECF No. 36 ¶¶ 19–23 (SEALED). This significant history counsels against sentence modification.

The "kinds of sentences available" and the "sentencing range" also counsel against granting compassionate relief. 18 U.S.C. § 3553(a)(3)-(4). The defendant's offense of possession with intent to distribute has a guidelines range of 262 to 327 months of incarceration. ECF No. 36 ¶ 75 (SEALED). On December 2, 2013, Judge Doumar sentenced the defendant below the guidelines range to 239 months. ECF No. 33. The defendant has served over 10 years, or 129 months—approximately 53% of his sentence. Modifying the defendant's sentence to 129 months of incarceration, as he has requested, would result in him serving just over 50% of the sentence imposed, which is well below the sentencing guidelines range. *See United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) (district courts are "entitled to consider the amount of time [the defendant] already had served as one factor in the § 3553(a) analysis.").

No single fact in the defendant's background—whether positive or negative—swayed the Court's determination as to the 18 U.S.C. § 3553(a) analysis, because the Court—as it must—has looked at the defendant's background as a whole, including whether the passage of time has changed the balance. However, after weighing the facts enumerated in 18 U.S.C. § 3553(a), the Court finds that a sentence reduction is not warranted.

## IV.    CONCLUSION

The Court finds that the defendant has not demonstrated extraordinary and compelling reasons that warrant a reduction in his sentence. The Court also finds that the factors enumerated in 18 U.S.C. § 3553(a) weigh against granting the defendant's motion. Accordingly, the Motion for Compassionate Release (ECF No. 124) is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Opinion & Order to the defendant and to all counsel of record.

**IT IS SO ORDERED.**

/s/

Jamar K. Walker
United States District Judge

Norfolk, Virginia
November 12, 2024

11