IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>IVAN ALEXANDER COPELAND,<br><br>Defendant. | Case No. 2:13-cr-91 |

**OPINION & ORDER**

Before the Court is Defendant Ivan Alexander Copeland's *pro se* Motion for Reconsideration of his Motion for Compassionate Release. ECF No. 133. For the reasons stated herein, the Motion will be **DENIED**.

**I.    BACKGROUND**

On August 21, 2013, the defendant pleaded guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). ECF Nos. 19 (hearing minutes), 21 (plea agreement). The Honorable Robert G. Doumar, to whom this case was originally assigned, sentenced the defendant to 239 months of imprisonment. ECF No. 34 at 2.

The defendant filed a motion for compassionate release on April 15, 2024, and on November 12, 2024, this Court issued a memorandum opinion and order denying

the motion. ECF Nos. 124 (Motion), 132 (Memorandum Opinion and Order). The defendant now moves the Court to reconsider its decision.[1] ECF No. 133.[2]

## II. LEGAL STANDARD

### A. Motions for Reconsideration

The Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration. *Nilson Van & Storage Co. v. Marsh*, 755 F.2d 362, 364 (4th Cir. 1985). Therefore, courts in this circuit "are guided by analogy to the standards established by the civil rules." *United States v. Young*, 260 F. Supp. 3d 530, 555 (E.D. Va. 2017); *e.g., United States v. Benjamin*, No. 3:21-cr-525, 2023 WL 3325268, at *2 (D.S.C. May 9, 2023) (When addressing "motions for reconsideration, the Court will look to the rules governing civil cases as a substantive guidepost."); *see also United States v. Sellers*, No. 21-4305, 2022 WL 964016, at *1 (4th Cir. Mar. 30, 2022) (unpublished) (affirming after district court granted motion for reconsideration);

---

[1] The defendant purports to request reconsideration of a "Pro Se Motion for Sentence Reduction" filed "[i]n January of 2024." ECF No. 135 at 2. The Court understands this to refer to the "Motion for Reduction in Sentence" docketed on February 8, 2024, which the defendant signed on January 22, 2024. ECF No. 119; *see id.* at 18 (handwritten date). After receiving the *pro se* motion, the Court appointed counsel to represent the defendant, and that attorney filed an updated brief in support of the defendant's request for a sentence reduction. The counseled brief was docketed as a new motion for compassionate release, and the Court ruled on the counseled motion. ECF Nos. 124, 132. Therefore, the Court considers the present Motion as a request to reconsider the ruling on the counseled brief, ECF No. 124, but has nevertheless addressed an issue the defendant believes counsel should not have abandoned.

[2] Since the Court denied the defendant's Motion for Compassionate Release, the defendant's sentence has been commuted by an Executive Grant of Clemency. ECF No. 134. The defendant's sentence will expire on July 16, 2025. *Id.* at 1. The grant of clemency does not affect the Court's reasoning in this Opinion and Order.

*United States v. Holland*, 396 Fed. App'x 937, 938 (4th Cir. 2010) (unpublished) (affirming grant of motion for reconsideration).

"When a party in a criminal case moves for reconsideration, it is within the sole discretion of the district court to determine whether it is appropriate to grant the motion." *United States v. Mallory*, 337 F. Supp. 3d 621, 626 (E.D. Va. 2018) (citations omitted); *see Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 246 (4th Cir. 2020) (denial of a motion for reconsideration reviewed for abuse of discretion). A motion for reconsideration can succeed when it seeks a change in the district court's ruling "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence; or (3) to correct a clear error of law or prevent manifest injustice." *Wojcicki*, 947 F.3d at 246 (alterations accepted and citation omitted). However, when a motion for reconsideration "raises no new arguments, but merely requests the district court to reconsider a legal issue or to change its mind, relief is not authorized." *Pritchard v. Wal-Mart Stores, Inc.*, 3 F. App'x 52, 53 (4th Cir. 2001) (unpublished) (citation omitted).

### III. ANALYSIS

The defendant requests that the Court reconsider his Motion for Compassionate Release due to "extraordinary and compelling reasons," including a sentencing disparity created by an alleged change in law, COVID-19, and water-related conditions at the facility where he is incarcerated. ECF No. 133 at 3, 6, 7. None of the defendant's arguments justify the relief he seeks.

### A. Clear Error: Crime of Violence Designation

The defendant argues the Court should reconsider its decision on his Motion for Compassionate Release because a New York conviction for second-degree attempted, which served as the predicate for a sentencing guidelines enhancement, no longer qualifies as a crime of violence pursuant to the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022).[3] ECF No. 133 at 4. The defendant raised this argument in the counseled brief on his Motion for Compassionate Release, but his attorney abandoned the argument in his reply brief. ECF No. 124 at 21–23; ECF No. 131 at 3–4. The defendant complains that his attorney should not have abandoned the issue and asks that the Court consider the alleged change in law now. ECF No. 133 at 4. From the Court's perspective, at least part of the reason defense counsel abandoned this argument is because it ultimately has no impact on the defendant's sentencing guidelines range, and by extension, his request for compassionate release. But in deference to his *pro se* status, the Court will explain why this argument cannot serve as a basis for the Court to reconsider its decision.

As an initial matter, the defendant concedes that the Second Circuit has repeatedly held that attempted second-degree murder under New York law is a crime of violence. ECF No. 133 at 5. But even if this Court were to conclude that this prior conviction is not a crime of violence in the Fourth Circuit, the defendant's status as a career offender would be unchanged. Under § 4B1.1 of the Sentencing Guidelines, the

---

[3] The defendant argues that "his counsel of record abandoned several factors raised within his [*pro se* Motion for Sentence Reduction]." ECF No. 133 at 4. This argument follows and seemingly addresses the "several factors."

4

career offender designation applies if: "(1) the defendant was at least [18] years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of *either* a crime of violence *or* a controlled substance offense." U.S.S.G. § 4B1.1 (emphasis added). This defendant has four prior felony controlled substance offenses: criminal possession of a controlled substance, 4th degree; criminal possession of a controlled substance, 3rd degree; and two convictions for attempted criminal sale of a controlled substance, 3rd degree. ECF No. 36 at 8-12 (SEALED).[4] Thus, he would have been classified as a career offender irrespective of the attempted murder charge.

Further, the defendant had a total of 14 criminal history points at the time of sentencing before the operation of the career offender designation. *Id.* at 28–29.[5] Consequently, his criminal history category of VI would have been the same, regardless of whether he was designated as a career offender. Put simply, no argument the defendant puts forth would have changed his advisory guidelines sentencing range.

---

[4] The original Memorandum Opinion and Order referenced only two prior drug offenses in discussing the § 3553(a) factors. ECF No. 132 at 10. However, the language the Court used—"the defendant's adult history *includes*"—was not meant to be exhaustive. *Id.* (emphasis added).

[5] Pursuant to Amendment 821 to the Sentencing Guidelines, if the defendant were sentenced today, he would have received only one criminal history point for committing the instant offense while under a criminal justice sentence, U.S.S.G. § 4A1.1(e) (2023), bringing his total number of criminal history points to 13. That number of points, however, would nevertheless result in the same criminal history category of VI.

5

Therefore, because the purported change in law the defendant wants the Court to consider would not change his sentencing guidelines range,[6] failing to reduce the defendant's sentence based on his argument was not "a clear error of law," nor did it result in "manifest injustice." *Wojcicki*, 947 F.3d at 246. Accordingly, the defendant does not present grounds that cause the Court to reconsider its decision on this point.

### B.     New Evidence: COVID-19 Pandemic

The defendant argues that before ruling on the Motion for Compassionate Release, the Court should have permitted the defendant to present evidence about prison conditions resulting from the COVID-19 pandemic. ECF No. 133 at 5–6; *see also* ECF No. 133-1 (defendant's declaration in support of this contention). However, the Court considered the COVID-19 pandemic in its Memorandum Opinion and Order on the original Motion. ECF No. 132 at 7–8. None of the evidence the defendant believes the Court should consider now is "new." *Wojcicki*, 947 F.3d at 246. All of the arguments related to COVID-19 advanced in the declaration attached to the present motion were before the Court when it ruled on the original Motion. *Compare* ECF No. 133-1 (discussing restrictive living conditions resulting from the COVID-19 pandemic) *with* ECF No. 124 at 15–21 (same). Therefore, the defendant does not present grounds that cause the Court to reconsider its decision on this point.

---

[6] Nor would it have altered the Court's analysis of the § 3553(a) factors as outlined in the Memorandum Opinion and Order. ECF No. 132 at 10.

### C. New Evidence: Conditions of Confinement

The defendant presents a new argument in his Motion for Reconsideration, suggesting that a water quality problem at the facility where he is incarcerated has led to at least one incarcerated person being hospitalized due to a gallbladder infection. ECF No. 133 at 6. The defendant contends the risks associated with the alleged water quality issue constitute extraordinary and compelling reasons that justify his release.

First, the Court is not required to consider this argument. A motion for reconsideration should "not be used to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Huff v. Attorney Gen. of Va.*, No. 3:08-cv-257, 2009 WL 1160174, at *1 (E.D. Va. Apr. 28, 2009) (analogizing Fed. R. Civ. P. 59(e)).

Even if the Court does consider this argument, the record does not contain any evidence to support the defendant's claim,[7] nor does the defendant contend that the water quality argument was not previously available to be advanced in his original Motion. And even if the Court were to take as true the defendant's allegations regarding health risks from water quality, those facts—when considered in light of

---

[7] The defendant includes a reference to an incarcerated person who was hospitalized due to a gallbladder infection. ECF No. 133 at 6. The defendant asserts that the infection was caused by the water. *Id.* The record does not contain any evidence to support the defendant's assertion, and the defendant's own opinion about the cause of the other individual's medical condition would be inadmissible. *See* Fed. R. Evid. 702.

7

the § 3553(a) factors as described in the Memorandum Opinion and Order on the Motion for Compassionate Release—would not constitute extraordinary and compelling reasons to release the defendant merely halfway through his below-guidelines sentence. *See* ECF No. 132 at 9–11. Accordingly, the defendant's third argument for reconsideration also fails.

## IV. CONCLUSION

Defendant Ivan Alexander Copeland's Motion for Reconsideration (ECF No. 133) is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to the defendant and to all counsel of record.

**IT IS SO ORDERED.**

/s/

Jamar K. Walker
United States District Judge

Norfolk, Virginia
March 25, 2025